

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 19 PM 4:36

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET MOULTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0008** |
| **COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "F" (4)** |

### REPORT AND RECOMMENDATION

### I.   Introduction

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to **Title 42 U.S.C. § 405(g)**. The Commissioner denied Janet Moulton's claim for Supplemental Security Income Benefits under Title XVI of the Social Security Act, **Title 42 U.S.C. § 1382c**.

Before the Court is a **Motion to Dismiss (doc. #10 )** which was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

### II.   Factual Summary

Janet Mouton filed this action against the Commissioner of Social Security contending that she is due fees for services she rendered to Emile R. Gainey in connection with a favorable decision on his Social Security Disability claim. (¶ Complaint Page 1) The plaintiff contends that this court

Fee_____
Process_____
X  Dktd_____
✓  CtRmDep_____
Doc. No _____

has jurisdiction over her claim because it constitutes a collection suit against the administration.

The defendant, in response to the complaint, filed a motion to dismiss seeking dismissal of the claim because the plaintiff failed to set forth an adequate jurisdictional basis. The defendant contends that the plaintiff must first allege the statutory basis that gives her permission to sue the United States.

In response to the Motion to Dismiss, the plaintiff requests leave to amend the complaint as jurisdiction is conferred by the social security statute which allows and authorizes the Commissioner of Social Security to withhold attorney fees from the Social Security Disability claimants' award of back pay when the case is successfully completed.

**III.    Analysis**

Under federal law, attorney's fees may be awarded against the United States or its agencies only if such an award is specifically provided by statute. 28 U.S.C.A. § 2412 (1978). See also *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 267-68, 95 S.Ct. 1612, 1626-27, 44 L.Ed.2d 141 (1975); *Nat'l Ass'n of Letter Carriers v. U. S. Postal Service*, 590 F.2d 1171, 1176 (D.C.Cir.1978) Moreover, as a limited waiver of sovereign immunity, section 2412 is to be strictly observed. *Rhode Island Comm. on Energy v. Gen. Servs. Admin.*, 561 F.2d 397, 405 (1st Cir. 1977).

Title 42 U.S.C.A. § 406(a)(1) provides for the recovery of attorneys fees for a favorable administrative result in a matter before the social security agency. It provides in pertinent part that:

> An attorney in good standing who is admitted to practice before the highest court of the State, Territory, District, or insular possession of his residence or before the Supreme Court of the United States or the inferior Federal courts, shall be entitled to represent claimants before the Secretary. The Secretary may, after due notice and opportunity for hearing, suspend or prohibit from further practice before him any such person, agent, or attorney who refuses to comply with the Secretary's rules and regulations or who violates any provision of this section for which a penalty is prescribed.

2

The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this title, and any agreement in violation of such rules and regulations shall be void. Whenever the Secretary, in any claim before him for benefits under this title, **makes a determination favorable to the claimant**, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this title, the Secretary shall, notwithstanding section 205(i) 42 U.S.C.A. §405(i)], certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25 per centum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.

Title 42 U.S.C.A. § 406(b)(1)(A) provides for the recovery of attorneys fees when the court renders a favorable judgment and awards past-due benefits. It provides that:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of Section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

A review of the plaintiff's complaint reveals that the plaintiff failed to comply with the Federal Rules of Civil Procedure 8(a) because she failed to allege the particular statutory basis that would give this court jurisdiction to consider this claim. It is unclear from the complaint whether the favorable determination was made at the administrative level or as a result of the review by a court. It is further unclear whether the plaintiff is seeking review of a final decision made after hearing and that she is seeking review in a timely manner.

The Court notes that the plaintiff generally acknowledges the error in her pleading and

3

therefore requests leave of court to amend the complaint to properly set for the jurisdictional basis. The Court finds that the complaint as set forth fails to comply with Federal Rule of Civil Procedure 8(a) such that it fails to set forth a jurisdictional basis for this court to consider the issues raised herein. The Court further finds that it is appropriate to grant leave of 15 days from the signing of this order to amend the complaint to properly assert a statutory basis for jurisdiction as required by the Federal Rules of Civil Procedure.

## IV.   <u>Recommendation</u>

It is the **RECOMMENDATION OF THIS COURT** that the **Motion to Dismiss (doc. #10)** be **GRANTED IN PART and DENIED IN PART.** It is **GRANTED IN PART** to the extent that the court finds that the plaintiff has failed to plead the appropriate jurisdictional basis in the complaint. It is **DENIED IN PART** to the extent that the defendant seeks an immediate dismissal as the plaintiff is granted **leave of 15 days from the date of the signing of this order, to amend the complaint to cure the defective pleading**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ⟨5⟩ day of July 2005.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

4